# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv206

| | |
|---|---|
| RODNEY F. POSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **ORDER** |
| ) | |
| ROCK TENN SMURFIT-STONE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Appoint PSAP Counsel [# 17]. Plaintiff ("The Pro Se Litigant") moves for the appointment of Allan R. Tarleton as settlement counsel pursuant to the Court's Pro Se Settlement Assistance Program (the "Program"). Upon a review of the record and the pending motion, the Court **GRANTS** the motion [# 17] and **REFERS** this case to the Pro Se Settlement Assistance Program. The Court **DIRECTS** the parties as follows:

(1) All parties to this lawsuit shall participate in a settlement conference pursuant to the Program, and as directed by this Order, before undertaking any other action with respect to this lawsuit.

(2) Solely in connection with the Program, the Court **APPOINTS** Allan R. Tarleton as Program Counsel for the Pro Se Litigant for the limited purpose of assisting the Pro Se Litigant with the settlement conference and the procedures associated with the Program.

-1-

Program Counsel has no obligation to conduct discovery, prepare or respond to any motions, participate in the trial, or take any other action on behalf of the Pro Se Litigant in this lawsuit.

(3) The parties shall have fourteen (14) days from the entry of this Order to designate a mediator who is certified in this district to preside over a mediated settlement conference and will file an appropriate Notice of Designation of Mediator.

(4) The parties shall hold a mediated settlement conference within sixty (60) days of the date of entry of this Order. The conference will be governed by the North Carolina Rules Implementing Statewide Mediated Settlement Conferences, as adopted and amended by Local Civil Rule 16.3. The Mediator shall file with the Court a report describing the result of the mediated settlement conference within five (5) days of the conclusion of the conference.

(5) If the Mediator's Report states that the parties have reached an agreement as to all issues, the Program Counsel's limited representation of the Pro Se Litigant shall terminate upon the closing of the case through an appropriate dismissal, provided that the Program Counsel's representation shall not extend beyond thirty (30) days after the filing of the Mediator's Report absent further order of the Court. If the Mediator's Report states that the parties have not reached an agreement as to all issues or if the settlement conference concluded at an impasse, the Program Counsel's limited representation of the Pro Se Litigant shall automatically terminate upon the filing of the Mediator's Report.

(6) If, after the completion of the settlement conference, this matter is not dismissed in its entirety, the parties shall conduct the Initial Attorney's Conference as specified in Local Rule 16.1 and file the required Certification Form. The Court will then enter an appropriate case management and scheduling order.

Signed: April 22, 2014

Dennis L. Howell
United States Magistrate Judge