UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00206-MOC-DLH

| | | |
|---|---|---|
| **RODNEY F. POSTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ROSEBORO |
| Vs. | ) | ORDER |
| | ) | |
| **ROCK TENN SMURFIT-STONE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#25). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that a plaintiff carries a heavy burden in responding to a motion for summary judgment. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The rule goes on to provide procedures for plaintiff to use in responding to a Motion for Summary Judgment:

> **(c) Procedures.**
> (**1**) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2) Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3) Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

**(4) Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c). This language means that if the plaintiff has any evidence to offer to show that there is a genuine issue for trial, plaintiff must now present it to this court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by plaintiff to this court within the time provided in this Order for a response and served on counsel for the moving party as evidenced in a certificate of service attached to plaintiff's

response. Failure to respond may result in summary judgment being entered against plaintiff by reason of default.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff file and serve a response and any supporting exhibits, including affidavits, to defendant's Motion for Summary Judgment (#25) not later than April 20, 2015.

Signed: April 2, 2015

Max O. Cogburn Jr.
United States District Judge