UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00206-MOC-DLH

| | |
|---|---|
| **RODNEY F. POSTON,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **ROCK TENN SMURFIT-STONE,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#25) and Motion to Take Judicial Notice (#27) of a Confirmation Order filed in another district.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, was cautioned that he carries a heavy burden in responding to a motion for summary judgment, was advised on the manner in which to file a response, and was provided additional time within which to file his response. Order (#28). Plaintiff filed his response and included therein what appears to be a new claim under the Americans with Disabilities Act despite plaintiff's earlier sworn representations that his action was only brought under Title VII for racial discrimination in employment. Although not properly raised, the court has liberally construed all the pleadings and considered such to be an amendment to the Complaint.

Plaintiff has not, however, countered defendant's argument that this action (including any newly-asserted claim under the ADA for alleged discrimination occurring

before Confirmation in bankruptcy) is barred as a matter of law as his claims were discharged by the United States Bankruptcy Court in In re: Smurfit-Stone Container Corporation, 09-10235 (D. Del.).[1] Plaintiff does not dispute that the claims he has attempted to assert herein arose before such Confirmation, that he received from debtor's noticing agent a notice of his right to file a proof of claim, or that the EEOC instructed him of such right and provided him with a proof of claim form. Further, plaintiff does not dispute the fact that he never filed a proof of claim with the bankruptcy court. Indeed, plaintiff confirmed during his deposition that he failed to file a proof of claim in the Bankruptcy Court. Pl. Dep. 194.

While plaintiff has argued the merits of his discrimination claims, he has not addressed the threshold issue of whether this action is barred and the facts underpinning that concern. Based on the pleadings now before the court, the court concludes that there are no genuine issues of material fact as to whether this action is barred. Rule 56(a), Federal Rules of Civil Procedure, provides:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

---

1 The court takes judicial notice of the content of the Confirmation Order of the United States Bankruptcy Court for the District of Delaware, but only for the judicial act such Order represents. See United States v. Rosga, 864 F.Supp.2d 439, 447 (E.D.Va.2012) ("Thus, for example, a court may 'notic[e] the content of court records,' Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989), but 'only for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation.'" United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994)).

Fed.R.Civ.P. 56(a). On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the non-moving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving [sic] party must come forward with "specific facts showing that there is a *genuine issue for trial*." Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted; emphasis in the original) (quoting Fed. R. Civ. P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. Anderson, supra. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." Id. at 248. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id. The court must credit factual disputes in favor of the party resisting summary judgment and draw inferences favorable to that party if the inferences are reasonable, however improbable they may seem. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980). Affidavits filed in support of a Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to

decide the issues themselves. United States ex rel. Jones v. Rundle, 453 F.2d 147 (3d Cir. 1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. Davis v. Zahradnick, 600 F.2d 458 (4th Cir. 1979). In determining whether a genuine issue of material fact exists, the admissible evidence of the non-moving party must be believed and all justifiable inferences must be drawn in his or her favor. Anderson, supra, at 255. In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Id., at 252.

Defendant asserts that this action is barred as a matter of law as the claims plaintiff has asserted against it arose before the effective date of the Confirmation Order. Plaintiff has not shown that he filed a claim, that his claims somehow survived the Confirmation Order, or that his claims are based on discriminatory acts that occurred after the effective date of the Confirmation Order. As a matter of law, claims that arose before the Confirmation Order was entered were discharged, released, and barred by the discharge and injunction provisions of the Confirmation Order entered in defendant's Chapter 11 bankruptcy proceeding. "Under the Bankruptcy Code, confirmation of a Chapter 11 plan discharges a debtor 'from any debt that arose before the date of such confirmation.'" Holcombe v. US Airways, Inc., 369 F. App'x 424, 427 (4th Cir. 2010) (quotation omitted). "Discharge occurs regardless of whether a proof of claim was filed, the claim was allowed, or the holder of the claim accepted the plan." Holcombe, 369 F. App'x at 427. Causes of action for employment discrimination under federal anti-discrimination laws are "claims"

within the meaning of the Bankruptcy Code. Rafter v. Great Atl. & Pac. Tea Co., 2013 WL 4400496 (D. Md. Aug. 15, 2013). Having liberally read the plaintiff's Complaint and Response, nothing in the pleadings indicates that any of the alleged acts on which plaintiff's claims are based occurred after the Confirmation Order was entered or the effective date of that Order, which was June 30, 2010. Indeed, plaintiff alleges that the discriminatory acts upon which this action is based occurred on September 1, 2009, the day he was released by his physician to work with restrictions, a date which is well before confirmation the following year. Compl., Section C, ¶ 2.

It appearing that this action is barred, the court will grant defendant's Motion for Summary Judgment and dismiss this action with prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Take Judicial Notice (#27) and Motion for Summary Judgment (#25) are **GRANTED**, and this action is **DISMISSED** with prejudice as barred by the Confirmation Order entered in In re: Smurfit-Stone Container Corporation, 09-10235 (D. Del. June 21, 2010).

The Clerk of Court shall enter a Judgment consistent with this Order.

Signed: May 6, 2015


